IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 21-cv-02078-NYW-SKC

MARTHA ROSALES,

    Plaintiff,

v.

WALMART, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Walmart, Inc.'s ("Walmart" or "Defendant") Motion to Dismiss with Prejudice ("Motion to Dismiss"), [Doc. 11, filed September 14, 2021], and Motion for Summary Judgment (collectively, the "Motions"), [Doc. 22, filed April 29, 2022].[1] This Court concludes that oral argument would not materially assist in the resolution of this matter. Accordingly, upon careful review of the Motions and associated briefing, the docket, and applicable case law, the Court respectfully **GRANTS** Defendant's Motion to Dismiss, and **DENIES as moot** the Motion for Summary Judgment.

### BACKGROUND

The following facts are drawn from the operative Verified Complaint and Jury Demand ("Complaint"), [Doc. 1], and taken as true for the purposes of resolving the instant Motions. This action arises from the employment of Plaintiff Martha Rosales ("Ms. Rosales" or "Plaintiff") with Walmart, at "Store #1689." [Doc. 1 at ¶ 7]. Ms. Rosales alleges that she began her employment

---

[1] On August 4, 2022, this matter was reassigned to Judge Nina Y. Wang upon her appointment as a United States District Judge. [Doc. 34].

with Walmart "as a Cashier on September 27, 2006, and throughout the years, held several positions with the company until ultimately being promoted on or about October 31, 2016, to Assistant Store Manager." [*Id.*]. Following a work injury in April 2019 and subsequent surgery, Ms. Rosales alleges that she required, and Walmart provided her, accommodations to perform her job. *See* [*id.* at ¶¶ 8, 14–17, 19–20]. In August 2020, Ms. Rosales submitted a "Return to Work Certification" to Walmart, which included her "current work restrictions and accommodation request documentation indicating that [she] . . . had reached Medical Maximum Improvement in her on the job injury claims" from the April 2019 injury. [*Id.* at ¶ 19]. Thereafter, Walmart placed Ms. Rosales on a 12-week leave "pending an alternative accommodations reassignment." [*Id.* at ¶ 21]. Ms. Rosales alleges that, eventually, a "Health Screener position opened up" at another Walmart store and she "was forcibly required to accept [the position] in light of the discriminatory impact of the Defendant's application of its policies." [*Id.* at ¶ 26].

On May 24, 2021, Ms. Rosales filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") ("EEOC Charge" or the "Charge"), alleging disability discrimination. [*Id.* at ¶ 27]; *see also* [Doc. 11-1]. In the Charge, Ms. Rosales claimed that the discrimination began in September 2020 and indicated that it was a "continuing action." [Doc. 11-1 at 1]. Four days later, on May 28, 2021, the EEOC issued a Notice of Right to Sue, thus terminating the agency's processing of the Charge. [Doc. 1 at ¶ 28]; *see also* 29 C.F.R. § 1601.28.

On August 2, 2021, Ms. Rosales filed her Complaint in this Court, wherein she asserts a single cause of action against Walmart for disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). [Doc. 1 at 6–7]. On September 14, 2021, Walmart filed the instant Motion to Dismiss, seeking dismissal of Plaintiff's sole ADA claim

2

on the basis that Plaintiff failed to exhaust administrative remedies before filing suit. [Doc. 11]. Ms. Rosales responded to the Motion to Dismiss on September 20, 2021, [Doc. 12], and Walmart replied on October 4, 2021, [Doc. 17]. Following the close of discovery, on April 29, 2022, Walmart filed the Motion for Summary Judgment. [Doc. 22]. Ms. Rosales responded to the Motion for Summary Judgment on May 17, 2022, [Doc. 25], and Walmart replied on May 26, 2022, [Doc. 26]. The Motions are thus ripe for disposition.

As discussed further below, the Court finds that Ms. Rosales failed to exhaust her administrative remedies with respect to her sole ADA claim. Accordingly, the Court finds that resolution of the Motion to Dismiss also disposes of the Motion for Summary Judgment. Thus, the analysis below will focus on the Motion to Dismiss.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). A plaintiff may not rely on mere labels or conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (explaining that plausibility refers "to the scope of the allegations in a complaint," and that the allegations must be sufficient to nudge a plaintiff's claim(s) "'across the line from conceivable to plausible.'" (citation omitted)). The Court

must ultimately "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

While consideration of a Rule 12(b)(6) motion is generally limited to the four corners of the complaint, the Court may consider materials outside the complaint without converting a motion to dismiss to one for summary judgment if the documents are central to the plaintiff's claims, referred to in the complaint, and the parties do not dispute their authenticity. *See Cnty. of Santa Fe, N.M. v. Public Serv. Co. of N.M.*, 311 F.3d 1031, 1035 (10th Cir. 2002).

## ANALYSIS

In the Motion to Dismiss, Walmart argues that Ms. Rosales failed to exhaust administrative remedies with respect to her ADA claim before she initiated this action in this Court. *See* [Doc. 11]. Walmart contends that Ms. Rosales's judicial Complaint "challenges multiple alleged employment decisions not mentioned in" the EEOC Charge, [Doc. 11 at 1], but the EEOC Charge "fails to identify any of the allegedly adverse employment actions for which Plaintiff now claims disability discrimination," [*id.* at 6]. Thus, insofar as Ms. Rosales's ADA claim in this action is based on "an alleged demotion, failure to accommodate, or hostile work environment based upon her alleged disability," Walmart contends that the EEOC Charge failed to put the EEOC or Walmart on notice regarding such claims. [*Id.* at 9].

In her Response, Ms. Rosales does "no[t] dispute that [she] was required to exhaust her administrative remedies by filing [the Charge] with the EEOC in support of her ADA claim." [Doc. 12 at 7]. Rather, Ms. Rosales asserts that Walmart misunderstands her theory of relief. Specifically, Ms. Rosales insists that she is making a sole "claim for discrimination based upon *disparate impact* and no other claim is asserted." [*Id.* at 10 (emphasis added)]; *see also* [*id.* at 4

4

n.3 ("Plaintiff makes no claim for relief of disparate treatment or hostile work environment as her only claim for relief is for disparate impact.")]. According to Ms. Rosales, her disparate impact claim "is based upon the rigid administration of Walmart's policies for the class of employees of which Plaintiff is a member," and she maintains that "she places her description of her disparate impact claim in a historical context in her complaint." [*Id.* at 10]. Based on these assertions, Ms. Rosales states that her EEOC Charge "contains the facts concerning the discriminatory actions underlying her one claim for relief of disparate impact." [*Id.*]. Ms. Rosales also insists that her EEOC Charge "identifies a continuing course of discrimination over Walmart's exercise of its policies for her and other members of her class." [*Id.* at 11]. Finally, Ms. Rosales argues that in analyzing the instant Motion, this Court may only consider her Complaint, and not the EEOC Charge. *See* [*id.* at 6].

On Reply, Walmart rejects Ms. Rosales's position, countering that the EEOC Charge fails to set forth any "facts to support a disparate impact claim – such as facts to suggest that Plaintiff was demoted or placed on leave due to a neutral Walmart policy, or that such a policy had a disparate impact on individuals within Plaintiff's protected class." [Doc. 17 at 2]; *see also* [*id.* at 5–6].

I.    **Preliminary Issues**

Before turning to the substance of whether Plaintiff has properly exhausted her administrative remedies, this Court first considers briefly whether it may analyze the issue in the context of a motion to dismiss, and what evidence the Court may consider in doing so. Though not entirely clear, Plaintiff suggests that the Court may not determine whether a plaintiff has properly exhausted her administrative remedies at the motion to dismiss stage, but only after discovery and at a summary judgment stage. *See* [Doc. 12 at 7]. But the precedent of the United

States Court of Appeals for the Tenth Circuit ("Tenth Circuit") is clear that "[a]n affirmative defense of failure to exhaust can be raised in a motion to dismiss under Rule 12(b)(6) when the grounds for the defense appear on the face of the complaint." *Kina v. Dep't of Children and Families Vocational Rehab. Services*, 21-4025-JWB, 2021 WL 2822536, at *2 (D. Kan. July 7, 2021) (citing *Cirocco v. McMahon*, 768 F. App'x 854, 857–58 (10th Cir. 2019)).

Plaintiff also contends that "extrinsic evidence can only be consulted to rule on the [sic] subject matter jurisdiction only."[2] [Doc. 12 at 7]. As mentioned above, under Tenth Circuit precedent, a "district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941–42 (10th Cir. 2002) (citing *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384 (10th Cir. 1997)). Here, the Complaint refers to, and quotes directly from, Ms. Rosales's EEOC Charge. *See* [Doc. 1 at ¶ 27]. Walmart, in turn, submitted a copy of the Charge with the Motion to Dismiss. [Doc. 11-1]. Ms. Rosales does not dispute the Charge's authenticity; in fact, she relies upon the Charge throughout her Response. *See, e.g.*, [Doc. 12 at 9]. Accordingly, the Court finds that Walmart has properly raised its affirmative defense in the instant Motion to Dismiss and the Court may consider the EEOC Charge.

---

[2] In her Response, Plaintiff asserts that "[f]or reasons not clearly understood by Plaintiff, Defendant attempts to make their exhaustion remedy jurisdictional rather than as an affirmative defense." [Doc. 12 at 13]. This characterization appears inaccurate. Defendant's Motion to Dismiss is asserted pursuant to Rule 12(b)(6) for failure to state a claim, and does not raise a jurisdictional argument. *See* [Doc. 11]; Fed. R. Civ. P. 12(b)(6). Indeed, there is no mention of subject matter jurisdiction at all. *See* [Doc. 11 at 5 (Defendant's observation that "[t]his regulatory exhaustion requirement is not a jurisdictional prerequisite to suit but is a claims-processing rule that the employer may rise as an affirmative defense")].

**II.     Application**

The Parties agree that under the ADA, a plaintiff must exhaust her administrative remedies before filing suit. *See* [Doc. 11 at 5–10; Doc. 12 at 7–11]; *see also Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007).  "The first step to exhaustion is the filing of a charge of discrimination with the EEOC."[3] *Jones*, 502 F.3d at 1176.  The EEOC charge "must contain the general facts concerning the discriminatory actions later alleged in the legal claim," and "a plaintiff's claim in federal court 'is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge'" document.  *Jones v. Needham*, 856 F.3d 1284, 1290 (10th Cir. 2017) (quoting *Jones*, 502 F.3d at 1185).  The purpose of the administrative exhaustion requirement is two-fold: it is "intended to protect employers by giving them notice of the discrimination claims being brought against them, in addition to providing the EEOC with an opportunity to conciliate the claims."  *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1194–95 (10th Cir. 2004).  Thus, a plaintiff generally may not bring an ADA action "based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter." *Simms v. Okla. ex rel. Dep't of Mental Health and Substance Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

As previously noted, Ms. Rosales asserts a single ADA claim against Walmart based on a disparate impact theory of discrimination.  *See* [Doc. 12 at 10].  Disparate impact claims "involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1187 (10th Cir. 2006) (citation omitted).  While the Court

---

[3] The charge must be filed "within 300 days of the challenged action." *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1183 (10th Cir. 2003) (footnote omitted).

"liberally construe[s]" the allegations in Ms. Rosales's EEOC Charge, "the [C]harge must contain facts concerning the discriminatory . . . actions underlying" her disparate impact claim. *Jones*, 502 F.3d at 1186. Thus, "[t]he ultimate question" before the Court "is whether the conduct alleged in the lawsuit would fall within the scope of an EEOC investigation which would reasonably grow out of the [statements] actually made in the EEOC charge." *Smith v. Cheyenne Ret. Inv'rs L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018) (citations, quotations, and alteration marks omitted).

Review of Ms. Rosales's Charge shows no facts that would give notice of an alleged violation of the ADA based on a disparate impact theory of disability discrimination. Ms. Rosales's Charge states in its entirety as follows:

> I was hired on September 23, 2006, as a Cashier, and on October 31, 2018, I was promoted to Assistant Manager. In April 2019, I suffered an on-the job injury, and on October 4, 2019, I had surgery to repair the damage caused by the injury. After the surgery, I returned to work with permanent restrictions. The restrictions included: no lifting, no pushing nor puling more than 10lbs, no running equipment, no bending, no squatting, no kneeling, no climbing ladders, and working not more than five (5) hours per week. In January 2020, I was provided with a reasonable accommodation of working assisting Human Resources.
>
> In September 2020, I was notified by Sedgwick (a third party vendor that administers Short Term Disability [STD]) to take twelve (12) weeks of leave. During the twelve (12) weeks of STD, the company looked for other positions that could accommodate my restrictions. I was reinstated to work in the position of Screener / Cashier, a position that meets my medical restrictions.
>
> I believe I have been discriminated against in the terms and conditions of employment because of my real or perceived disability, in violation of the Americans with Disabilities Act (ADA) of 1990, as amended.

[Doc. 11-1 at 1–2]. The Court finds that none of these statements relate to Ms. Rosales's alleged disparate impact claim. In her Response, Ms. Rosales summarizes her disparate impact theory as follows:

> Walmart's policies which automatically execute an adverse employment condition upon a protected disabled employee because of Walmart's policy in administering job-injured employees' conditions after administration of the Worker's

8

> Compensation Statutes has executed a discriminatory disparate impact upon the Plaintiff and all members of her class, and is, therefore, in violation of the ADA.

[Doc. 12 at 13]. Significantly, however, the EEOC Charge fails to even mention any of Defendant's "policies" at all, let alone any company policies (a) related to Walmart's management of employees' work-related injuries, *see* [Doc. 11-1], or (b) that are "facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another." *Carpenter*, 456 F.3d at 1187; *see also id.* at 1193 ("The first step in raising a disparate-impact claim is to identify the specific employment practice allegedly causing the discriminatory impact."); *Arndt v. City of Colorado Springs*, 263 F. Supp. 3d 1071, 1075 (D. Colo. 2017) ("A plaintiff claiming disparate impact discrimination must establish that an identifiable employment practice or policy causes a significant disparate impact on a protected group.").

In *Beth v. Espy*, 854 F. Supp. 735, 736 (D. Kan. 1994), the District of Kansas held that the language in the plaintiff's EEOC charge did not put the defendant on notice of a disparate impact claim. 854 F. Supp. at 738. In that case, the "gist" of the plaintiff's disparate impact claim in her judicial complaint was that:

> [the] defendant has required supervisory experience as an element of the job which plaintiff sought, that supervisory experience in fact is not a necessary requirement for that position, and that because defendant has historically refused to allow women into supervisory positions the defendant's practice of requiring supervisory experience, while facially neutral, has had a disparate impact preventing females from reaching management positions.

*Id.* at 736. The court held that because the EEOC charge "fail[ed] to even mention the supervisory experience requirement which form[ed] the basis of [the plaintiff's] disparate impact claim," the "general language" in the charge was insufficient "to satisfy the requirement that [her] disparate impact claim could reasonably be expected to grow out of the charge of discrimination." *Id.* at

9

738 (quotations omitted).[4]

Here, Ms. Rosales's EEOC Charge is even more deficient than the plaintiff's charge in *Espy* as it fails to provide any indication that Ms. Rosales was asserting, or even attempting to assert, a disparate impact claim. *See* [Doc. 11-1]. Ms. Rosales insists that her EEOC Charge "identifies a continuing course of discrimination over Walmart's exercise of its policies for her and other members of her class." [Doc. 12 at 11]. Ms. Rosales fails, however, to point to any supporting allegations in the *EEOC Charge*. *See* [*id.*]. Instead, as previously mentioned, she asserts that her disparate impact claim is premised upon Walmart's "rigid administration of [its] policies for the class of employees of which Plaintiff is a member," and specifies that "she places her description of her disparate impact claim in a historical context in her *[C]omplaint*." [Doc. 12 at 10 (emphasis added)]. In any event, the language in Ms. Rosales's EEOC Charge speaks for itself, and it does not support her disparate impact theory. Rather, the Charge concerns Walmart's efforts to accommodate Ms. Rosales's work injury, which, notably, Ms. Rosales claims it did. *See* [Doc. 11-1 at 1 ("In January 2020, I was provided with a reasonable accommodation of working assisting Human Resources. . . . I was reinstated to work in the position of Screener / Cashier, a position that meets my medical restrictions.")].

In addition, Ms. Rosales spends much of her Response brief arguing that her Complaint contains sufficient allegations to support the merits of her disparate impact claim, and thereby survives dismissal under Rule 12(b)(6). *See, e.g.*, [Doc. 12 at 6 ("As demonstrated herein, Plaintiff's Complaint[] 'possesses enough heft' to demonstrate not only her entitlement to the relief

---

[4] The "general language" in the EEOC charge that the plaintiff relied upon stated in relevant part: "Denial of future employment, or not hiring females is not as intrusive as the loss of an opportunity of an existing highly qualified female employee for promotion . . . The lack of opportunity can have an adverse financial as well as psychological effect on long term productive female employees, such as myself, who strive to maintain a Superior rating." *Espy*, 854 F. Supp. at 738.

sought, but provide Walmart sufficient information to warrant the litigation to proceed."); *id.* at 10 ("In the post *Twombly* pleading standard world . . . [a] tediously detailed factual statement is not required.")]. However, these arguments are based on a misunderstanding of Defendant's position, as well as the administrative exhaustion requirement. Indeed, although a "judicial complaint may . . . encompass any discrimination like or reasonably related to the allegations of the EEOC charge," *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) (citation and quotation omitted), a "plaintiff cannot choose to bypass the administrative [process] by raising new theories of recovery for the first time with the federal court," *Espy* 854 F. Supp. at 737. Accordingly, the relevant question here is *not* "whether or not . . . the Charge of Discrimination must be as exhaustive as [the] Complaint," as Plaintiff asserts in her Response. [Doc. 12 at 7]. Rather, "the question before the [C]ourt is whether [P]laintiff's original EEOC [C]harge encompassed her disparate impact claim." *Espy*, 854 F. Supp. at 737; *see also Smith*, 904 F.3d at 1164 (10th Cir. 2018) ("The ultimate question is whether the conduct alleged in the lawsuit would fall within the scope of an EEOC investigation which would reasonably grow out of the [statements] actually made in the EEOC charge." (citations, quotations, and alteration marks omitted)).

As explained above—and despite Plaintiff's assertions to the contrary—none of the statements in Ms. Rosales's EEOC Charge describe a disparate impact claim at all, let alone "identif[y] a continuing course of discrimination over Walmart's exercise of its policies for [Ms. Rosales] and other members of her class." [Doc. 12 at 11]; *see also* [*id.* at 10 (stating that her claim "is based upon the rigid administration of Walmart's policies for the class of employees of which Plaintiff is a member")]. Accordingly, Ms. Rosales's disparate impact claim in this action constitutes a new theory of recovery that lacks any reasonable relation to the statements in the EEOC Charge. In other words, the statements in Ms. Rosales's Charge are simply insufficient "to

satisfy the requirement that [a] plaintiff's disparate impact claim [in federal court] could reasonably be expected to grow out of the charge of discrimination" that she filed with the EEOC. *Espy*, 854 F. Supp. at 738 (quotation omitted); *see also Boldridge v. Tyson Foods, Inc.*, 280 F. App'x 723, 728 (10th Cir. 2008) (affirming the district court's finding that the plaintiff's disparate impact claim was barred by the plaintiff's failure to exhaust administrative remedies where the plaintiff "failed to provide any record citations to allegations from his EEOC charge that would demonstrate that his disparate impact claim is reasonably related to his claim for intentional discrimination"); *Eyekhobhelo v. City of Colorado Springs*, No. 11-cv-00523-MSK-MEH, 2011 WL 4972655, at *2 (D. Colo. Oct. 19, 2011) (dismissing a disparate impact claim for failure to exhaust, and explaining that although the plaintiff's EEOC charge "mention[ed] a presumably facially neutral employment practice, a generally applied test, there [was] nothing to indicate that she allege[d] the test affect[ed] persons in her protected category more harshly than others").

Finally, as to Defendant's request for a dismissal with prejudice, the Court finds that dismissal of Plaintiff's claim with prejudice is appropriate here. Generally, "a dismissal based on a failure to exhaust administrative remedies should be *without* prejudice." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). Indeed, "failure to exhaust is often a temporary, curable, procedural flaw." *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1139 (10th Cir. 2005) (citation omitted). However, "dismissal with prejudice is proper for failure to state a claim when 'it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to give [her] an opportunity to amend.'" *Perkins v. Kan. Dep't of Corr.,* 165 F.3d 803, 806 (10th Cir. 1999) (citation omitted). Here, an amendment by Plaintiff would be futile because she is already well beyond the 300-day deadline to file a second charge of discrimination asserting a disparate impact theory of discrimination based on the same events that are the subject of her Complaint.

*See Martinez v. Million Air Mech. Inc.*, No. 21-cv-02299-DDD-NRN, 2022 WL 843889, at *3 (D. Colo. Mar. 22, 2022) (recommending dismissal with prejudice where the plaintiff failed to exhaust administrative remedies, explaining that "the timeliness analysis . . . is functionally indistinguishable from a traditional statute of limitations analysis, and it bars any future claim by Mr. Martinez seeking redress for employment discrimination and retaliation that took place in 2019"); *cf. Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1271 (10th Cir. 2001) ("Despite that 'without prejudice' label [affixed by the district court to a dismissal for failure to timely exhaust], in real-world terms the dismissal was *with* prejudice because any attempt by Walker to refile her claims [with the EEOC] after the district court's order was issued would be out of time." (citation omitted)). Accordingly, dismissal of Plaintiff's sole ADA claim under Count I will be with prejudice.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1) Defendant's Motion to Dismiss with Prejudice [Doc. 11] is **GRANTED**;

(2) Plaintiff's sole ADA claim under Count I is **DISMISSED with prejudice**;

(3) Defendant's Motion for Summary Judgment [Doc. 22] is **DENIED as moot**;

(4) The Trial Preparation Conference set for May 12, 2023 and the five-day Jury Trial set to begin on May 30, 2023 are hereby **VACATED**; and

(5) Defendant is entitled to its costs pursuant to Federal Rule of Civil Procedure 54(d) and D.C.COLO.LCivR 54.1.

DATED: November 17, 2022

BY THE COURT:

_____
Nina Y. Wang
United States District Judge